[Civ. No. 5440.   First Appellate District, Division Two.—March 15,
1926.]

## P. B. HORSCHMAN, Respondent, v. K. KIZIRIAN et al., Appellants.

[1] PROMISSORY NOTES—CONSIDERATION—FINDINGS—EVIDENCE.—In this
action to recover on a promissory note, the finding of the trial
court that there was a consideration for the note is supported by
the evidence.

(1) 8 C. J., p. 1048, n. 21; 13 C. J., p. 777, n. 7.

APPEAL from a judgment of the Superior Court of
Fresno County.  S. L. Strother, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Stanley Moffatt for Appellants.

Briggs and Sorenson for Respondent.

STURTEVANT, J.—The plaintiff commenced an action
against the defendants to recover on a promissory note.
The defendants answered and also filed a cross-complaint.
The plaintiff answered the cross-complaint and a trial was
had in the lower court before the court sitting without a
jury.  The court made findings in favor of the plaintiff and
a judgment was entered in accordance with the findings.
The defendants have appealed from the judgment under
section 953a of the Code of Civil Procedure.

[1] The appellants make but one point and that is
that the finding that there was a consideration for the
note is not sustained by the evidence.  In this behalf the
appellants claim that the note was given to secure the
payment of services rendered by the plaintiff in drilling
certain wells for water, and the appellants contend that
the plaintiff held himself out as specially qualified to per-
form that particular work and that there was an implied
warranty that the work which he undertook to do should
be reasonably fit for its intended use.  No other question is
presented by the record.  We think that the point is without
merit for the following reasons:

In the spring of 1923 the defendants employed the plaintiff to drill for water on the property owned by the defendants. Under the contract the plaintiff was to be paid so much per foot. He commenced the work and the defendants worked with him. From time to time the defendants exercised their judgment in directing or supervising the work; however, they did not claim to be informed on such matters. At times they counseled with the plaintiff, and accepted his suggestions as to how deep they would sink any particular well and as to when that well would be abandoned and an attempt made to sink in a different place. There are two different methods more or less in use in the neighborhood of the farm owned by the defendants. One is known as the "open-bottom" well, and the other may be called the "perforated-casing" well. The plaintiff followed the first method. That method is executed by using solid casing and sinking to a solid formation and on that formation resting the casing. The driller then proceeds to drill a hole through the solid formation into a water-bearing stratum. By this method all intervening strata of water are excluded. In following the theory which the plaintiff had adopted he sunk one well without getting water. Then he sunk another well without getting water, and he had moved his outfit to another point and was about to sink a third well when the defendants adopted a different course of procedure.

Being dissatisfied with the results obtained by the plaintiff the defendants interrupted the proceedings by employing Mr. Burris to inspect the work as far as it had proceeded and to advise the defendants in the premises. On inspecting the first well Mr. Burris advised hiring a perforator. It was hired and the casing in the first well was sunk a few feet lower and then it was perforated at the level of the water-bearing sand and, after pumping out some water and sand, the defendants found that they had a satisfactory well. The latter method is the second method above mentioned.

On this appeal the defendants asserted that one who does not follow the latter method is not skilled and that there is no evidence to the contrary, hence they argue that the finding of the trial court that there was a consideration for the note is not supported by the evidence. The answer

is that there is an abundance of evidence in the record contrary to the contention of the appellants. Mr. Bramblett, one of the witnesses called by the appellants, testified that the first method was one of the recognized methods, but he preferred the latter method. There was testimony that both methods are used in the neighborhood of the property owned by the appellants. There was testimony that about one-half of the wells are sunk following one theory and about one-half are sunk following the other theory.

It was shown to the trial court that each method has its good points and that each method has its bad points. In using the "perforated-casing" system it sometimes happens that when the perforations are made the sand flows in in such quantities as to give one a sand well instead of a water well. Furthermore, the perforations must be made after the casing is in place and it is not every driller that has the machinery necessary to do the perforating. On the other hand, when one adopts the "open-bottom" system he may have such difficulties as were experienced in sinking the wells on the defendants' property.

We find no error in the record. The judgment is affirmed.

Nourse, J., and Langdon, P. J., concurred.